Brian S. Kabateck, SBN 152054
(bsk@kbklawyers.com)
Christopher B. Noyes, SBN 270094
(cn@kbklawyers.com)
Joana Fang, SBN 309623
(jf@kbklawyers.com)
**KABATECK BROWN KELLNER LLP**
644 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 217-5000
Facsimile: (213) 217-5010

John L. Holcomb, Jr., SBN 258175
(jholcomb@khslaw.com)
**KRAMER HOLCOMB SHEIK LLP**
1925 Century Park East, Suite 1180
Los Angeles, CA 90067
Telephone: (310) 551-0600

*Attorneys for Plaintiff Keith Patterson*
*and all others similarly situated*

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH PATTERSON, individually, and on behalf of all others similarly situated, | CASE NO. |
| Plaintiffs, | **CLASS ACTION COMPLAINT** |
| vs. | |
| RW DIRECT, INC., POSITEC USA, INC.; and DOES 1 to 50, inclusive, | DEMAND FOR JURY TRIAL |
| Defendants. | |

## <u>INTRODUCTION</u>

1.    Plaintiff Keith Patterson ("Plaintiff" or "Mr. Patterson") brings this action

individually and on behalf of all others similarly situated who purchased the WORX WG782 14-

Inch 24 Volt Cordless Lawn Mower with IntelliCut ("Subject Lawn Mower" or "Subject Lawn Mowers").

2.     The WORX brand is a line of cordless power tools designed and manufactured by Defendant RW Direct, Inc. ("RW Direct").

3.     On information and belief, the Subject Lawn Mowers and their batteries contain one or more design and manufacturing defects that cause the batteries to lose their charge after minimal use or remain inoperable altogether.

4.     Defendant Positec USA, Inc. ("Positec") has received a myriad of complaints about its defective batteries. Thus, Positec knows or should know that the batteries of the Subject Lawn Mowers were and are defectively designed, assembled, and manufactured. Plaintiff is informed and believes, and based thereon alleges, that despite notice of these defects, Defendant has not recalled the Subject Lawn Mowers to repair the battery defects, has not provided customers a suitable repair or replacement, and has not offered to reimburse the purchasers of the Subject Lawn Mower the costs they incurred relating to the battery defects and the related damages that they caused. Positec continues to advertise the Subject Lawn Mower's long cutting time afforded by its battery capacity.




**Figure 1 - WORX Website**                    **Figure 2 - Amazon.com Website**

CLASS ACTION COMPLAINT

**In Stock.**

**Arrives before Christmas.** Choose delivery option in checkout.

**Want it Tuesday, Dec. 12?** Order within **13 hrs 6 mins** and choose **Standard Shipping** at checkout. Details
Ships from and sold by Amazon.com. Gift-wrap available.

- Adjustable mowing height from 1.8 to 3.3 inches; 14-inch cutting width
- IntelliCut mowing technology adds torque when you're cutting tough grass
- Special mulching blade chops up clippings better than standard blades
- 3-in-1 cutting for mulching, bagging, or rear discharge; push-button starting
- Cuts up to 10,000 square feet on a single charge (up to 40 minutes of runtime), Cuts height range 2 - 3.5 Inches

**Figure 3 - Amazon.com Website**

5.    Had Plaintiff known about the battery defect at the time of purchase, Plaintiff would not have purchased the Subject Lawn Mower.  As a result of their reliance on Positec's omissions and/or misrepresentations, purchasers of the Subject Lawn Mowers have suffered ascertainable loss of money, property, and/or loss in value of their Subject Lawn Mowers.

## JURISDICTION AND VENUE

6.    This Court has jurisdiction over the entire action by virtue of the fact that this is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of the Court. The acts and omissions complained of in this action took place in the state of California.

7.    This Court also has diversity jurisdiction over class actions pursuant to 28 U.S.C. section 1332(d)(2). Class members are citizens of states different from Positec's principal place of business, North Carolina.  Also, the amount in controversy exceeds $5,000,000.

8.    Venue is proper because this is a class action; the acts and/or omissions complained of took place, in whole or in part, within the venue of this Court.

/ / /

CLASS ACTION COMPLAINT

## THE PARTIES

9.    Plaintiff Keith Patterson, at all times relevant hereto has been a resident of the State of California. In or about November 2014, Plaintiff purchased the Subject Lawn Mower.

10.    Defendant RW Direct, Inc. is a corporation organized under the laws of the State of North Carolina, and has its principal place of business in Charlotte, North Carolina. RW Direct, Inc. designs, manufactures, produces, imports, distributes, and/or sells a line of lawn and garden equipment, including the Subject Lawn Mowers, for sale in California and throughout the United States. RW Direct, Inc. is the warrantor and distributor of the Subject Lawn Mowers.

11.    Defendant Positec USA, Inc. is the North American division of the China-based Defendant Positec Tool Corporation, and is the parent company of Defendant RW Direct, Inc. Defendant Positec USA, Inc. is organized under the laws of the State of North Carolina, and has its principal place of business in Charlotte, North Carolina. Defendant Positec USA, Inc. designs, manufactures, produces, imports, distributes, and/or sells a line of lawn and garden equipment, including the subject WORX brand of cordless lawn mowers, for sale in California and throughout the United States. Positec USA, Inc. is the warrantor and distributor of the Subject Lawn Mowers.

12.    Defendants RW Direct, Inc., Positec USA, Inc., and Does 1-50 shall hereinafter collectively be referred to as "Positec" or "Defendants."

13.    Defendants are responsible for designing, manufacturing, importing, and selling defective products, which are widely dispersed within the U.S. stream of commerce via various retail and online channels, including but not limited to Home Depot, Walmart, Costco, and Amazon.com.

14.    Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein under the fictitious names Does 1 through 50, inclusive, and therefore, sues such defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of said fictitiously named defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Doe defendants is legally responsible in some manner for the events and occurrences alleged herein and for the damages suffered by Plaintiff.

1       15.    Plaintiff is informed, believes, and thereon alleges that all Defendants, including the

2   fictitious Doe defendants, were at all relevant times acting as actual agents, conspirators, ostensible

3   agents, partners and/or joint venturers, and employees of all other defendants, and that all acts

4   alleged herein occurred within the course and scope of said agency, employment, partnership, joint

5   venture, conspiracy and/or enterprise, and with the express and/or implied permission, knowledge,

6   consent, authorization, and ratification of their co-defendants; however, this allegation is pleaded

7   as an "alternative" theory wherever not doing so would result in a contradiction with other

8   allegations.

9                            **FACTUAL ALLEGATIONS**

10      16.    On or before November 27, 2014, Mr. Patterson viewed the webpages hosted by

11  WORX and retailer Amazon.com advertising the Subject Lawn Mower.

12      17.    The Amazon.com webpage advertised the Subject Lawn Mower, touting its ability

13  to sustain a charge for up to forty minutes or 10,000 square feet of mowing. On the WORX

14  website, Positec represented that the Subject Lawn Mower could cut up to 10,000 square feet in a

15  single charge. Positec made the identical representation under the Subject Lawn Mower's

16  "Technical Specifications." A copy of the representations from both websites are reproduced

17  below:

 

**Figure 1 - WORX Website**                      **Figure 2 - Amazon.com Website**

CLASS ACTION COMPLAINT

**In Stock.**

**Arrives before Christmas.** Choose delivery option in checkout.

**Want it Tuesday, Dec. 12?** Order within **13 hrs 6 mins** and choose **Standard Shipping** at checkout. Details
Ships from and sold by Amazon.com. Gift-wrap available.

- Adjustable mowing height from 1.8 to 3.3 inches; 14-inch cutting width
- IntelliCut mowing technology adds torque when you're cutting tough grass
- Special mulching blade chops up clippings better than standard blades
- 3-in-1 cutting for mulching, bagging, or rear discharge; push-button starting
- Cuts up to 10,000 square feet on a single charge (up to 40 minutes of runtime), Cuts height range 2 - 3.5 Inches

**Figure 3 - Amazon.com Website**

18.     On November 27, 2014, Mr. Patterson, relying on Positec's representations on the WORX website and the Amazon.com webpage, purchased the Subject Lawn Mower from the same Amazon.com webpage for a total of $256.51, including shipping costs. The Subject Lawn Mower was shipped by Amazon.com on November 28, 2014 and received by Mr. Patterson on or about December 2, 2014.

19.     Upon receiving the Subject Lawn Mower, Mr. Patterson charged its battery to capacity.  Sometime later in December of 2014, Mr. Patterson used the Subject Lawn Mower for the first time in the small backyard of his residence.  Mr. Patterson immediately experienced multiple issues with the Subject Lawn Mower including: difficulty cutting the grass, grass cuttings spilling out of the receptacle, and battery failure.  The battery failed halfway through mowing the small lawn at his residence.

20.     After this initial use, Mr. Patterson contacted Positec regarding the battery failure. Positec instructed Mr. Patterson to recharge the battery and retry the Subject Lawn Mower.  Mr. Patterson followed Positec's instructions and finished mowing the second half of his lawn.

21.     Mr. Patterson did not use the Subject Lawn Mower again until about May of 2015. Upon using the Subject Lawn Mower a second time, Mr. Patterson once again charged the battery to capacity but experienced even more difficulties: this time, the Subject Lawn Mower's battery

CLASS ACTION COMPLAINT

died less than halfway through mowing the lawn.  Mr. Patterson became frustrated with the Subject Lawn Mower's continued failure, and hired a landscaper to cut the grass.

22.    In December of 2016, Mr. Patterson attempted to use the Subject Lawn Mower once again; however, this time, the Subject Lawn Mower did not even turn on.  After a full charge, the Subject Lawn Mower shut off in less than five minutes.

23.    On December 8, 2016, Mr. Patterson contacted Positec about the battery issue, and Positec sent him a replacement battery ("First Replacement Battery").  Positec charged Mr. Patterson a shipping fee of $14.

24.    At the time Positec sent Mr. Patterson the First Replacement Battery in December 2016, Positec instructed him to charge the First Replacement Battery for about five to seven hours as soon as he received it.  As instructed, Mr. Patterson charged the First Replacement Battery for approximately seven hours even though it indicated a full charge.  With the First Replacement Battery supposedly at full charge, Mr. Patterson attempted to turn on the Subject Lawn Mower to no avail.

25.    Following this failed attempt, Mr. Patterson charged the First Replacement Battery for several more hours.  The Subject Lawn Mower powered on and cut grass for just a few minutes before the battery died again.

26.    Due to rain and other circumstances, Mr. Patterson did not attempt to use the Subject Lawn Mower again until May of 2017.  Once again, the Subject Lawn Mower did not turn on. Mr. Patterson called Positec to complain for the third time.  A customer agent from Positec admitted to Mr. Patterson that the First Replacement Battery might have been damaged due to overcharging when it was received—despite this being the initial instructions given to Mr. Patterson by Positec. Positec agreed to provide Mr. Patterson with another replacement battery, which they sent to him on May 8, 2017 ("Second Replacement Battery").

27.    Soon after receiving the Second Replacement Battery, Mr. Patterson attempted to use the Subject Lawn Mower again.  Despite the Second Replacement Battery's full charge, the Subject Lawn Mower only functioned for a couple of minutes before the charge depleted.  Mr. Patterson then charged the Second Replacement Battery for eleven hours.  After the eleven hours,

1   Mr. Patterson cut about half of his small lawn before the battery died again.

2        28.    On May 22, 2017, Mr. Patterson contacted Positec again to report these persistent

3   issues. Positec instructed Mr. Patterson to charge the Second Replacement Battery for twelve hours

4   prior to using it again.  After charging the Second Replacement Battery for the recommended

5   twelve hours, the Subject Lawn Mower did not even turn on.  Mr. Patterson has not attempted to

6   use the Subject Lawn Mower since.

7        29.    The Subject Lawn Mower is sold by Defendants with a three-year warranty to:

8               Replace or repair all defective parts, free of charge, or
9               Repair products free of charge, or,
             Replace the unit with a new or reconditioned unit, free of charge.
10

11        30.    It also promises that "[b]attery packs are guaranteed for a 12 month period."  Each

12   complaint to Positec by Plaintiff Patterson was made within one year of the date he received a

13   defective battery.

14        31.    Numerous purchasers of the Subject Lawn Mower have experienced problems with

15   the battery. Complaints with the Better Business Bureau and posted on the internet by consumers

16   before and after the date of sale of the Subject Lawn Mower to Plaintiff demonstrate that the

17   defects are widespread, expensive to repair, and manifest without warning. The complaints also

18   show that Positec knew or should have known of the problems consumers had and continue to have

19   with the battery. A small sample of these consumer complaints to the Better Business Bureau and

20   Amazon.com read as follows:

21               Posted[1] April 28, 2013: "I had high hopes for a battery powered mower. I
22               have a small lawn (less than 1,000 sq feet), and the mower died about
            halfway through the initial cut. Granted, I had a slightly overgrown lawn,
23               but it was having trouble with even the smallest amount of overgrowth.
            The ad says it should cut up to 10,000 sq feet, but it only cut about 500 sq
24               feet. That's a big difference. It was easy to assemble, but performs very,
            very poorly."
25

26

27   ---

[1] *See* Amazon.com website (https://www.amazon.com/WG782-14-Inch-Cordless-IntelliCut-Included/product-reviews/B005QR47PQ/ref=cm_cr_getr_d_paging_btm_8?ie=UTF8&reviewerType=avp_only_reviews&filterByStar=critical&pageNumber=8).

28

Posted[2] May 20, 2013: "My yard seemed really small before I started trying to mow it with this thing. My yard is less than 4,000 square feet and it takes about 3 charges to get the whole yard done, even when the grass is fairly short. It also takes a much longer time to mow than necessary - like others have said, you have to overlap quite a bit because the cutting radius is so small. Also, you have to go pretty slow over taller or thicker grass or it will die. I did quite a bit of research before settling on this mower - obviously time wasted. I would not buy this again nor recommend it to others."

Posted[3] April 27, 2015: This mower works great ... for 1 season. Then expect that your battery will not take a charge. Then expect to purchase additional batteries. In fact, expect to purchase 2 additional batteries, neither of which will take a full charge in the first month of use. Then expect to spend time research what's wrong with the batteries, talking to Amazon for a replacement, etc. As always, Amazon was helpful, but services from Work have not been so. I now have 3 batteries that do not work, even after spending the winter diligently following instructions for how to keep a charge. Then, when you context WORX again, expect them to tell you that they will ship a new battery in a few weeks (meanwhile paying someone else to mow your lawn?!), but you have to pay for shipping and handling of the heavy battery. Net is - I have invested more time and money in the product since purchasing it, than on my initial purchase. Do NOT recommend.

Posted[4] June 8, 2016: My front yard is about 3,000 square feet and my back yard is about 4,000 square feet. I can barely get my front yard cut on a single battery charge.

Posted[5] April 1, 2017: Got this a year ago for my postage stamp sized lawn (my pool is bigger than my lawn). Thought the small size and battery operated was the perfect answer. When I first got it I was not overly impressed with how it cut the grass, but I did really like the small size of the mower and not having to fool with gasoline. Last summer the battery worked fine...kept its charge well. This spring? Not so much. Started to notice that it didn't run as well the first mowing this year, and then today I had to stop and recharge the batter THREE TIMES before I could finish

---

[2] *See* Amazon.com website (https://www.amazon.com/WG782-14-Inch-Cordless-IntelliCut-Included/product-reviews/B005QR47PQ/ref=cm_cr_getr_d_paging_btm_7?ie=UTF8&reviewerType=avp_only_reviews&filterByStar=critical&pageNumber=7).

[3] *See* Amazon.com website (https://www.amazon.com/WG782-14-Inch-Cordless-IntelliCut-Included/product-reviews/B005QR47PQ/ref=cm_cr_arp_d_hist_1?ie=UTF8&reviewerType=avp_only_reviews&filterByStar=one_star&pageNumber=1).

[4] *See* Better Business Bureau website (https://www.bbb.org/charlotte/business-reviews/tools-hand/positec-tool-corporation-in-charlotte-nc-125316/reviews-and-complaints).

[5] *See* Amazon.com website (https://www.amazon.com/WG782-14-Inch-Cordless-IntelliCut-Included/product-reviews/B005QR47PQ/ref=cm_cr_arp_d_hist_1?ie=UTF8&reviewerType=avp_only_reviews&filterByStar=one_star&pageNumber=1).

CLASS ACTION COMPLAINT

the lawn (which is 20ft x 20ft). This is ridiculous. I saw some of the negative comments about the battery before I bought it...should have paid more attention. I'm throwing my mower in the trash...waste of money.

## CLASS DEFINITIONS AND CLASS ALLEGATIONS

32.     Plaintiff brings this lawsuit on behalf of himself and all similarly situated individuals and entities, pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(2) and 23(b)(3). Specifically, the national class ("National Class") consists of:

> All persons or entities who (a) currently own Subject Lawn Mower
> with a defective battery; and/or (b) previously owned a Subject
> Lawn Mower with a defective battery.

33.     In conjunction with the National Class, and pursuant to Federal Rule of Civil Procedure 23(c), Plaintiff seeks to represent the following state subclass ("California Subclass"):

> All persons or entities in California who (a) currently own Subject
> Lawn Mower with a defective battery; and/or (b) previously owned
> a Subject Lawn Mower with a defective battery.

**A.  National Class**

34.     Plaintiff is informed and believes, and on that basis alleges, that this National Class of persons consists of hundreds of people. Joinder of all these persons would be impracticable.  *See* Fed. R. Civ. Proc. 23(a)(1).

35.     The questions of law and fact presented in this case are common to each and every member of the National Class, in that Plaintiff's claims arise out of the same product defect, the same marketing practices by Defendants, and the same warranties.  *See* Fed. R. Civ. Proc. 23(a)(2).

36.     Plaintiff is a proper representative of the National Class of persons because, as will be more fully shown below, Plaintiff is a member of the National Class. Mr. Patterson is the owner of the defective Subject Lawn Mower. The claims Plaintiff is asserting in this complaint are typical of the claims of all members of the National Class.  *See* Fed. R. Civ. Proc. 23(a)(3).

37.     Plaintiff's claims are not subject to any unique defenses nor does any interest of Plaintiff in this litigation conflict with any other member of the National Class.  *See* Fed. R. Civ.

Proc. 23(a)(4).

38.     Plaintiff contends that the claims set out below are proper for certification as a class action under the provisions of Federal Rule of Civil Procedure 23(b)(3). Class certification is proper because the questions of law and fact common to the National Class predominate over any questions affecting individual members, in that each National Class member claims that the same product defect was the producing cause of the injuries and losses suffered by each National Class member. The central issue is the product defect and its role as producing cause of injury. The injuries suffered by National Class members as a result of the defect are similar in nature, and vary only in their severity.

39.     Excluded from the National Class is Positec, its parents, subsidiaries, affiliates, officers and directors, any entity in which Positec has a controlling interest, all customers who make a timely election to be excluded, and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

**B.  California Subclass[6]**

40.     This action has been brought and may be properly maintained as a class action pursuant to the provisions of California Code of Civil Procedure section 382 and other applicable law. Plaintiff's claims are typical of the claims of the other class members, in that they arise out of the same product defect, the same marketing practices by Defendants, and the same warranties. *See Ayala v. Antelope Valley Newspapers, Inc.* 59 Cal.4th 522, 530 (2014) (class certification factors are "(1) predominant common questions of law or fact; (2) class representatives with claims or defenses typical of the class; and (3) class representatives who can adequately represent the class."); s*ee Lockheed Martin Corp. v. Superior Court* 29 Cal.4th 1096, 1104 (requiring "both an ascertainable class and a well-defined community of interest among the class members.") (quoting *Wash. Mutual Bank v. Superior Court*, 24 Cal.4th 906, 913) (internal quotation marks omitted).

41.     Among the common legal and factual questions arising out of the claims alleged on behalf of the California Subclass include, without limitation:

---

[6] See Federal Rule of Civil Procedure 23(c)(5).

a.   Whether United States law, including but not limited to the principles of warranty under consumer law have been violated by the Defendants, and each of them, as hereinafter alleged.

b.   Whether California law, including but not limited to the principles of warranty under consumer law have been violated by the Defendants, and each of them, as hereinafter alleged.

c.   Whether California law, including but not limited to principles of unfair competition of consumer law have been violated by the Defendants, and each of them, as hereinafter alleged.

42.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Since the amount of each individual California Subclass member's claim is small relative to the complexity of the litigation, no California Subclass member could afford to seek legal redress individually for the claims alleged herein.  Therefore, absent a class action, the California Subclass members would have no other suitable method of redress for the injuries they suffered and continue to suffer.

43.    The members of the California Subclass are so numerous that joinder is impracticable.  While the exact number and the identities of California Subclass members are unknown at this time and can only be ascertained through investigation and discovery in this action, Positec is a large provider of lawn mowers, and there are thousands of consumers who purchased and owned the Subject Lawn Mower.  Additionally, even if California Subclass members themselves could afford such individual litigation, the court system could not.  Individualized litigation would significantly increase the delay and expense to all parties and to the Court.

44.    Plaintiff will fairly and adequately protect the legitimate interests of the members of the California Subclass because: (1) Plaintiff has no interests antagonistic to the interests of the other California Subclass members; (2) Plaintiffs interests are aligned with the interests of the California Subclass; and (3) Plaintiff understands the nature of these allegations and his

1    responsibilities as class  representative to represent the interests of those persons who have been

2    injured.

3           45.    Plaintiff is committed to the vigorous prosecution of this action and has retained

4    attorneys who are experienced in the prosecution of class actions, including consumer class

5    actions, who have done significant work investigating or identifying potential claims in this

6    litigation, and who have committed and will continue to commit substantial resources to

7    representing the California Subclass.

8           46.    Excluded from the California Subclass is Positec, its parents, subsidiaries, affiliates,

9    officers and directors, any entity in which Positec has a controlling interest, all customers who

10   make a timely election to be excluded, and all judges assigned to hear any aspect of this litigation,

11   as well as their immediate family members.

12          47.    Plaintiff reserves the right to amend or otherwise alter the class definitions presented

13   to the Court at the appropriate time, or to propose or eliminate subclasses, in response to facts

14   learned through discovery, legal arguments advanced by Defendant, or otherwise.

15                            **FIRST CAUSE OF ACTION**

16                            **Breach of Express Warranty**

17                **(on behalf of the National Class and California Subclass)**

18          48.    Plaintiff purchased the Subject Lawn Mower from one of Positec's authorized

19   retailers in the United States.

20          49.    At the time of sale, and currently, Defendants were in the business of

21   manufacturing, distributing and selling the Subject Lawn Mowers.

22          50.    All Subject Lawn Mowers are equipped with a battery for cordless mowing.  A

23   working battery is necessary for operation of the Subject Lawn Mower.  The WORX website and

24   the Amazon.com webpage from which Plaintiff purchased the Subject Lawn Mower both promote

25   "a powerful 24-volt battery capable of cutting up to 10,000 square feet of lawn on a single

26   charge."  WORX Website.  Positec listed its battery's capacity under the Subject Lawn Mower's

27   "Technical Specifications."  WORX Website.

28   / / /

51.     The Amazon.com webpage from which Plaintiff purchased the Subject Lawn Mower also promises "up to 40 minutes of runtime."

52.     Plaintiff was aware of the Subject Lawn Mower's "Technical Specifications" and its purported ability to sustain a charge for up to forty minutes or 10,000 square feet of mowing.  He reasonably relied on Positec's representation and would not have purchased the Subject Lawn Mower if he had known it could accomplish just a small fraction, if any, of what Defendants promised.

53.     The Subject Lawn Mower's purported ability to sustain a charge for up to forty minutes or 10,000 square feet of mowing was part of the basis of the bargain for Plaintiff.  These representations amount to express warranties.

54.     For the reasons detailed in this complaint, these batteries are defective in material or workmanship under normal use because they cannot retain a charge as advertised.  The batteries are therefore unfit to achieve the mower's purpose and fail in their workmanship because they are no longer able to achieve their intended electrical function.

55.     Countless other class members have already experienced the same fate as Mr. Patterson, and countless others will experience this same fate.

56.     Positec's breach of express warranty impacts the value of each class member's Subject Lawn Mower.  A Subject Lawn Mower with a defective battery is worth less than an identical Subject Lawn Mower that conforms to the "affirmations of fact or promise made by the seller."

57.     As a result of the controversy and dispute as to warranty coverage between Plaintiff (and the class members) and Defendants, Plaintiff is entitled to and seeks a declaratory judgment as to Plaintiff's and the class members' rights to obtain warranty coverage from Defendants under Positec's "affirmation of fact or promise . . . which relates to the goods and becomes part of the basis of the bargain" for any damage resulting from the defective batteries in the Subject Lawn Mowers.

58.     As a direct, proximate, and foreseeable cause of Positec's material breach of its express "affirmation of fact or promise . . . which relates to the goods and becomes part of the basis

of the bargain," Mr. Patterson and all class members whose mowers experienced defective batteries were all injured.

**SECOND CAUSE OF ACTION**

**Breach of Implied Warranty**

**(on behalf of the National Class and California Subclass)**

59.     Plaintiff and class members incorporate by reference each and every allegation contained in the preceding paragraphs of this Complaint.

60.     Positec impliedly warranted that its Subject Lawn Mowers were of good and merchantable quality—fit and safe for their ordinary intended use.

61.     Defendants knowingly and/or recklessly sold a defective product without conspicuously informing consumers about the design and/or manufacturing defects in the Subject Lawn Mowers manufactured, distributed and/or sold by Positec throughout the United States. Defendants possessed actual, superior knowledge of the defective batteries.

62.     Plaintiff and class members' Subject Lawn Mowers did not "[r]un, within the variations permitted by the agreement, of even kind, quality and quantity within each," nor "[c]onform to the promises or affirmations of fact made on the container or label." Cal. U. Com. Code § 2314.

63.     The inherent design/manufacturing defects in the Subject Lawn Mowers existed when they left Defendants' possession and render the Subject Lawn Mowers unmerchantable. As a direct and proximate cause of Defendants' breach of its implied warranty, Plaintiff and class members have sustained damages and other losses in an amount to be determined at trial. Mr. Patterson and class members are entitled to recover legal and equitable relief against Defendant, including damages, attorneys' fees, litigation costs and other relief provided by law and that the Court deems proper.

**THIRD CAUSE OF ACTION**

**Breach of Express Warranty (Magnuson-Moss Warranty Act)**

**(on behalf of the National Class including the California Subclass)**

64.    Plaintiff and class members incorporate by reference each and every allegation contained in the preceding paragraphs of this Complaint.

65.    Positec breached the express warranty as stated in the Magnuson-Moss Warranty Act.  The federal statute defines written warranties as "undertaking in writing in connection with the sale by a supplier of a consumer product to refund, repair, replace, or take other remedial action with respect to such product in the event that such product fails to meet the specifications set forth." 15 U.S.C. § 2301(6)(B).

66.    Federal law also requires that "after a reasonable number of attempts by the warrantor to remedy defects or malfunctions in such product, such warrantor must permit the consumer to elect either a refund for, or replacement without charge" of the product.  15 U.S.C. § 2304(A)(4).

67.    The printed materials provided by Positec to its customers are written warranties of merchantability and fitness as stated in 15 U.S.C. § 2301(6).

68.    The Subject Lawn Mower is sold by Defendant with a three-year warranty to:
Replace or repair all defective parts, free of charge, or
Repair products free of charge, or,
Replace the unit with a new or reconditioned unit, free of charge.

69.    The materials also promise that "[b]attery packs are guaranteed for a 12-month period."  Each complaint to Defendants by Mr. Patterson was made within one year of the date he received a defective battery.

70.    Positec breached the written warranties of merchantability and fitness as stated in 15 U.S.C. § 2301(6).  The first battery and each replacement that Plaintiff received "failed to meet the specifications set forth" on the WORX and Amazon.com websites, which promises a charge long enough to cut "for up to 40 minutes in quiet mode" or up to 10,000 square feet of grass.  Instead, each Positec battery Plaintiff received ceased functioning after a few minutes of mowing or failed to turn on at all.

71.    After multiple repair attempts, Positec "must permit the consumer to elect either a refund for, or replacement without charge" of the product.  15 U.S.C. § 2304(A)(4).  This did not

1    occur.  Positec charged Plaintiff for replacements and did not offer a refund, although he was

2    entitled to one.

3        72.    Because the defective battery and replacements rendered Plaintiff's Subject Lawn

4    Mower useless, he is entitled to elect reimbursement under federal law.

5                                **FOURTH CAUSE OF ACTION**

6                    **Declaratory Judgment Act (28 U.S.C. §§ 2201(a),** *et. seq.***)**

7                **(on behalf of the National Class and California Subclass)**

8        73.    Plaintiff and class members incorporate by reference each and every allegation

9    contained in the preceding paragraphs of this Complaint.

10       74.    The Subject Lawn Mowers purchased by Plaintiff and the class members all were

11   initially sold with an accompanying express warranty issued by Defendants known as the 3 Years

12   Limited Warranty.  A copy of that warranty covering Mr. Patterson's mower, which in all matters

13   pertinent to this action is identical across all Subject Lawn Mowers, is attached hereto as Exhibit 1.

14       75.    All Subject Lawn Mowers are equipped with a battery for cordless mowing.  For the

15   reasons detailed in this class action complaint, these batteries are defective in material or

16   workmanship under normal use because they cannot retain a charge.  The batteries are therefore

17   unfit to achieve the mower's purpose and fail in their workmanship because they are no longer able

18   to achieve their intended electrical function.

19       76.    The battery in Mr. Patterson's own Subject Lawn Mower experienced this defect in

20   material and workmanship during the term of Positec's 3 Years Limited Warranty.

21       77.    Countless other class members have experienced the same fate as Mr. Patterson, and

22   countless others will experience this same fate during the term of their 3 Years Limited Warranty.

23       78.    Despite Plaintiff's experiences, the experiences of countless other class members,

24   and the express terms of Positec's own 3 Years Limited Warranty, Positec has failed to adequately

25   restore its customers according to federal law.

26       79.    Not only will a determination and declaration of whether the batteries in the Subject

27   Lawn Mowers are subject to coverage under the 3 Years Limited Warranty impact the rights of

28   class members to have their repairs reimbursed or covered by Defendants, such a determination

will also impact the value of each class member's purchase of a Subject Lawn Mower. An express warranty that, by its own terms, purports to cover defects in material or workmanship, but is then interpreted not to cover a battery alleged to be defective is worth less than an identically worded warranty that is interpreted to cover that allegedly defective battery.

80.     As a result of the controversy and dispute as to warranty coverage between Plaintiff (and the class members) and Defendants, Plaintiff is entitled to and seeks a declaratory judgment as to Plaintiff's and the class members' rights to obtain warranty coverage from Defendants under Positec's 3 Years Limited Warranty for any damage, resulting from the allegedly defective batteries in the Subject Lawn Mowers.

81.     Pursuant to 28 U.S.C. § 2202 of the Declaratory Judgment Act, which provides that "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment," Plaintiff also seeks as part of this Declaratory Judgment Act cause of action, an Order declaring that Plaintiff's action has conferred a common benefit to the class members entitling Plaintiff and his counsel to an award of attorneys' costs or fees for conferring the same.

## FIFTH CAUSE OF ACTION

### Breach of Express Warranty (Song-Berenly Consumer Warranty Act)

### (on behalf of the California Subclass)

82.     Plaintiff and class members incorporate by reference each and every allegation contained in the preceding paragraphs of this Complaint.

83.     The warranties are express warranties within the meaning defined by Civil Code section 1791.2.

84.     The Subject Lawn Mower is sold by Defendants with a three-year warranty to:
Replace or repair all defective parts, free of charge, or
Repair products free of charge, or,
Replace the unit with a new or reconditioned unit, free of charge.

85.     It also promises that "[b]attery packs are guaranteed for a 12-month period." Each complaint to Positec by Plaintiff was made within one year of the date he received a defective battery.

86.    Positec violated Civil Code section 1793.2, subdivision (d)(1) because "after a reasonable number of attempts, the manufacturer shall either replace the goods or reimburse the buyer in an amount equal to the purchase price paid by the buyer, less that amount directly attributable to use by the buyer prior to the discovery of the nonconformity."

87.    For Plaintiff and so many others, Positec failed to adequately replace the defective batteries in the Subject Lawn Mower. Since three new batteries constitute more than a reasonable number of attempts at replacement, Positec violated California law by failing to reimburse Plaintiff. And in this instance, there was no use "prior to the discovery of the nonconformity" to deduct from a reimbursement amount.

88.    Plaintiff and class members had a contract with Defendants. Positec provided class members with warranties to preserve and maintain the utility and performance of the Subject Lawn Mowers and to provide compensation to the original and any subsequent purchaser of the Subject Lawn Mowers if there was failure of utility or performance within the respective warranty period. Plaintiff and class members have performed all conditions or are excused from performing because of Defendants' breach.

89.    The battery defects substantially impair the use and value of the Subject Lawn Mowers.

**SIXTH CAUSE OF ACTION**

**Breach of Implied Warranty (Song-Beverly Consumer Warranty Act)**

**(on behalf of the California Subclass)**

90.    Plaintiff and class members incorporate by reference each and every allegation contained in the preceding paragraphs of this Complaint.

91.    Positec breached the implied warranty of merchantability as stated in Civil Code sections 1791.1, 1792, and 1792.1. The law requires in part that consumer products "[a]re fit for the ordinary purposes for which such goods are used … [and c]onform to the promises or affirmations of fact made on the container or label." Cal. Com. Code § 1791.1(a).

92.    The Subject Lawn Mower is sold by Defendants with a three-year warranty to: Replace or repair all defective parts, free of charge, or

Repair products free of charge, or,
Replace the unit with a new or reconditioned unit, free of charge.

93.     It also promises that "[b]attery packs are guaranteed for a 12 month period."  Each complaint to Positec by Plaintiff was made within one year of the date he received a defective battery.

94.     The first battery and each replacement that Plaintiff received were not "fit for [their] ordinary purposes" because they repeatedly failed to power the Subject Lawn Mower. Cal. Com. Code § 1791.1(a)(2).  Even when the batteries did provide power, they could not retain their charge for a reasonable duration, nor as promised. *See* Cal. Com. Code § 1791.1(a)(4).  Instead, each Positec battery Plaintiff received ceased functioning after a few minutes of mowing or failed to turn on at all.

95.     These battery defects rendered the mowers unfit "for [their] ordinary purposes" and unmerchantable because the cordless mowers cannot cut grass without a working electrical power source.

96.     The battery defects substantially impair the use and value of the Subject Lawn Mowers in contravention of California's implied warranty of merchantability.

## SEVENTH CAUSE OF ACTION

### Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq.*)

### (on behalf of the California Subclass)

97.     Plaintiff and class members incorporate by reference each and every allegation contained in the preceding paragraphs of this Complaint.

98.     The relevant period for this cause of action is four years from the date of filing of this Complaint until judgment is entered.

99.     This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code sections 1750, *et seq.* ("CLRA"), which provides that "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are

1   unlawful," CLRA § 1770, and that "[a]ny consumer who suffers any damage as a result of the use

2   or employment by any person of a method, act, or practice declared to be unlawful by Section 1770

3   may bring an action against such person to recover or obtain," various forms of relief, including

4   injunction and damages.  Cal. Civ. Code § 1780.

5          100.   This cause of action seeks injunctive relief at this time.

6          101.   Plaintiff was deceived by Defendants' unlawful practices as described more fully

7   above, which included affirmative misrepresentations to Plaintiff and class members that its

8   product met certain standards of use.  *See Rutledge v. Hewlett-Packard Co.* (2015) 238

9   Cal.App.4th 1164, 1176 ("The question of whether a manufacturer's representation about a product

10   is specific, and was relied upon by a consumer should be decided by a trier of fact.").

11          102.   The WORX website and the Amazon.com webpage from which Plaintiff relied

12   upon in making his decision to purchase the Subject Lawn Mower both promote "a powerful 24-

13   volt battery capable of cutting up to 10,000 square feet of lawn on a single charge."  WORX

14   Website. Positec listed its battery's capacity under the Subject Lawn Mower's "Technical

15   Specifications."

16          103.   The Amazon.com webpage from which Plaintiff purchased the Subject Lawn

17   Mower also promises "up to 40 minutes of runtime." Positec has failed to honor its representations

18   by selling defective batteries in its lawn mowers. Alternatively, Plaintiff was deceived by Positec's

19   fraudulent omissions regarding the defective batteries in the Subject Lawn Mowers.

20          104.   Defendants had prior exclusive knowledge of the material fact that its batteries

21   malfunctioned, rendering the Subject Mowers unfit for their ordinary purpose, but continued to sell

22   them.

23          105.   Defendants were obligated to disclose that the Subject Lawn Mowers could not

24   perform tasks a reasonable consumer would expect due to a fundamentally unsound power source.

25   *See also Collins v. eMachines* (2011) 202 Cal.App.4th 249, 257 ("This is not a situation where the

26   [micro]chip is complete and operational when sold, but wears out or breaks over time because of

27   use and [wear and tear].").

28

106.    Complaints filed by consumers with the Better Business Bureau and posted on the internet demonstrate that the defects are widespread, expensive to repair, and manifest without warning.  The complaints also indicate Positec's awareness of the problems with the battery for consumers.

107.    Defendants' actions, representations, and omissions have violated, and continue to violate the CLRA, because they extend to transactions that are intended to result, or which have resulted, in the sale of goods to consumers. Defendants marketed, sold and distributed Subject Lawn Mowers in California during the relevant period. Plaintiff and class members are "consumers" as that term is defined by the CLRA in Cal. Civ. Code § 1761(d). Defendants' Subject Lawn Mowers were and are "good[s]" within the meaning of Cal. Civ. Code §§ 1761(a) & (b). Defendants violated the CLRA by engaging in at least the following practices proscribed by California Civil Code § 1770(a) in transactions with the Plaintiff and the class which were intended to result, and did result, in the sale of Subject Lawn Mowers:

> (5) Representing that [Subject Lawn Mowers have] . . . approval, characteristics . . . uses [or] benefits . . . which [they do] not have . . . .
> ***
> (7) Representing that [Subject Lawn Mowers are] of a particular standard, quality or grade . . . if [they are] of another.
> ***
> (9) Advertising goods . . . with intent not to sell them as advertised.

108.    As such, Defendants' conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices because they do not sell, nor intend to sell, the Subject Lawn Mowers as they advertised and instead misrepresent the particulars that their batteries meet the standards set forth in "Technical Specifications."

109.    Defendants received numerous complaints regarding its defective batteries and their inability to retain a charge.  Thus, Defendants knew, or should have known, that their representations were deceptive, false and misleading.

110.    The misrepresented information was material to a reasonable consumer in his or her decision as to whether to purchase the Subject Lawn Mower and/or purchase the Subject Lawn Mower at the price at which they were offered.

111.    Defendants provided the Plaintiff and the other class members with Subject Lawn Mowers that did not match the quality portrayed by its marketing.

112.    As detailed above, it is impracticable to bring all members of the class before the court. Hundreds of consumers purchased the Subject Lawn Mower.  Cal. Civ. Code § 1781(b)(1).

113.    As detailed above, the questions of law or fact are common to the class, are substantially similar, and predominate over the questions affecting the individual members.  Cal. Civ. Code § 1781(b)(2).

114.    As detailed above, the claims of Plaintiff are typical of the claims of the class.  Cal. Civ. Code § 1781(b)(3).

115.    As detailed above, Plaintiff will fairly and adequately protect the interests of the class.  Cal. Civ. Code § 1781(b)(4).

116.    As a result, the Plaintiff and class members have suffered irreparable harm.  The Plaintiff and the other class members' injuries were proximately caused by Defendants' conduct as alleged herein.  Plaintiff, individually and on behalf of all other class members, seeks entry of an order enjoining Defendants from continuing to employ the unlawful methods, acts and practices alleged herein pursuant to California Civil Code section 1780(a)(2), awarding exemplary and punitive damages against Defendants pursuant to California Civil Code sections 1780(a)(1) and (a)(4), and ordering the payment of costs and attorneys' fees, and such other relief as deemed appropriate and proper by the Court under California Civil Code section 1780(a)(2).  If Defendants are not restrained from engaging in these practices in the future, the Plaintiff and the class members will continue to suffer harm.

117.    Pursuant to section 1780(d) of the CLRA, this action has been commenced in the proper forum.

### EIGHTH CAUSE OF ACTION

**Unfair Competition Law (Cal. Bus. & Prof. Code § 17200)**

**(on behalf of the California Subclass)**

118.    Plaintiff and class members incorporate by reference each and every allegation contained in the preceding and following paragraphs of this Complaint.

119.    Positec's conduct described herein violated the Unfair Competition Law (the "UCL"), codified at California Business and Professions Code section 17200, *et seq.,* because Positec engaged in unfair competition by knowingly building, designing, distributing, marketing, and selling the Subject Law Mowers identified herein with issues causing their batteries to be defective and fail.  As described herein, Positec's business practices are unethical, oppressive, and/or offend established public policies.

120.    The UCL's "coverage is 'sweeping, embracing anything that can properly be called a business practice and that at the same time is forbidden by law.'" *Cel-Tech Comms., Inc. v. Los Angeles Cellular Tel. Co.* (1999) 20 Cal.4th 163, 180 (In Bank) (quoting *Rubin v. Green* (1993) 4 Cal.4th 1187, 1200.)  The sale of lawn mowers with defective batteries is a "business practice."

121.    Those sales are "forbidden by law" under the CLRA as described above.  Thus, Positec violated the "unlawful" prong of the UCL.

122.    Even if the Subject Lawn Mower sale complied with CLRA, Song-Beverly Consumer Warranty Act, and Magnuson-Moss Warranty Act, "[a] practice may be deemed unfair even if not specifically proscribed by some other law." *Id.*  That analysis "involves an examination of its impact on its alleged victim, balanced against the reasons, justifications and motives of the alleged wrongdoer." *Motors, Inc. v. Times Mirror Co.* (1980) 102 Cal.App.3d 735, 740.  Here, it offends public policy to permit corporations like Positec to sell defective products like the Subject Law Mower.  This practice is "unfair" and conflicts with the UCL, even if it did not violate other statutes.

123.    Finally, the Subject Lawn Mowers' advertisements detailed above were "untrue or misleading" within the meaning of UCL.  Positec and the Amazon.com webpage from which Plaintiff purchased the Subject Lawn Mower promote "a powerful 24-volt battery capable of cutting up to 10,000 square feet of lawn on a single charge."  WORX Website.  Positec listed its battery's capacity under the Subject Lawn Mower's "Technical Specifications."  The Amazon.com webpage from which Plaintiff purchased the Subject Lawn Mower also promises "up to 40 minutes of runtime."  Plaintiffs reasonably relied on this statement, partly because it was listed under the

Subject Lawn Mowers "Technical Specifications."  Since newly sold batteries either never worked or failed long before conceivably mowing 10,000 square feet, the advertisement violates UCL.

125.    All three prongs of the UCL are satisfied by Positec's conduct.

### NINTH CAUSE OF ACTION

**Breach of Express Warranty Under Cal. U. Com. Code § 2313**

**(on behalf of the California Subclass)**

126.    Plaintiff and class members incorporate by reference each and every allegation contained in the preceding paragraphs of this Complaint.

127.    The advertisements are express warranties within the meaning of Uniform Commercial Code section 2313.  The Subject Lawn Mower is sold by Defendant with a "description of the goods which is made part of the basis of the bargain." U. Com. Code § 2313(1)(a).

128.    Plaintiff purchased the Subject Lawn Mower from one of Positec's authorized retailers in the United States.

129.    The WORX website and the Amazon.com webpage from which Plaintiff purchased the Subject Lawn Mower both promote "a powerful 24-volt battery capable of cutting up to 10,000 square feet of lawn on a single charge."  WORX Website.  Positec listed its battery's capacity under the Subject Lawn Mower's "Technical Specifications."

130.    The Amazon.com webpage from which Plaintiff purchased the Subject Lawn Mower also promises "up to 40 minutes of runtime."

131.    Plaintiff was aware of the Subject Lawn Mower's "Technical Specifications" and its purported ability to sustain a charge for up to forty minutes or 10,000 square feet of mowing.  He reasonably relied on Positec's representation, partly because it was listed under the Subject Lawn Mower's "Technical Specifications."

132.    Plaintiff would not have purchased the Subject Lawn Mower if he had known it could accomplish just a small fraction, if any, of what Defendants promised.

133.    The subject Lawn Mower's purported ability to sustain a charge for up to forty minutes or 10,000 square feet of mowing was part of the basis of the bargain for Plaintiff.

134.    Positec violated Commercial Code section 2313, subdivision (1)(b) because the Subject Lawn Mower could not cut anywhere near 10,000 square feet per charge and, thus, did not conform to the product's description that was the basis of the bargain.

135.    Defendants breached their express warranty to Plaintiff and class members. The battery defects substantially impair the use and value of the Subject Lawn Mowers.

**TENTH CAUSE OF ACTION**

**Breach of Implied Warranty Under Cal. U. Com. Code § 2314**

**(on behalf of the California Subclass)**

136.    Plaintiff and class members incorporate by reference each and every allegation contained in the preceding paragraphs of this Complaint.

137.    Positec breached the implied warranty of merchantability as stated in California's Uniform Commercial Code section 2314.  The law requires in part that consumer products "[a]re fit for the ordinary purposes for which such goods are used … [and c]onform to the promises or affirmations of fact made on the container or label."  Commercial Code § 2314(c)-(f).

138.    The first battery and each replacement that Plaintiff received were not "fit for [their] ordinary purposes" because they repeatedly failed to power the Subject Lawn Mower. U. Com. Code § 2314(c). Even when the batteries did provide power, they could not retain their charge for a reasonable duration, nor as promised.  Instead, each Positec battery Plaintiff received ceased functioning after a few minutes of mowing or failed to turn on at all.

139.    These battery defects rendered the mowers unfit "for [their] ordinary purposes" because the cordless mowers cannot function without a working power source.

140.    The battery defects substantially impair the use and value of the Subject Lawn Mowers in contravention of California's implied warranty of merchantability.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

1.  Granting certification of the class of consumers described herein, designating Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for the class identified herein;

2. Preliminary and permanent injunctive relief enjoining Defendants from continuing to sell, distribute and market the defective products described herein and from engaging in the acts of unfair competition alleged herein;

3. Requiring Defendants to pay damages, plus interest, sustained by Plaintiff and the class by reason of the acts and transgressions alleged herein;

4. Requiring Defendants to pay restitution for the unjust benefits it received from the sale, distribution and marketing of the products described herein;

5. Awarding Plaintiff his costs, expenses, disbursements and reasonable attorneys' fees in an amount to be determined at trial; and

6. Awarding Plaintiff such other relief as this Court deems just and proper.

Dated: January 3, 2018                    **KABATECK BROWN KELLNER LLP**


By: /s/ Christopher B. Noyes
Christopher B. Noyes
Attorney for Plaintiff
and all others similarly situated

CLASS ACTION COMPLAINT

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands trial by jury of all issues that may be so tried.


Dated: January 3, 2018                    **KABATECK BROWN KELLNER LLP**


                                        By: /s/ Christopher B. Noyes
                                            Christopher B. Noyes
                                            Attorney for Plaintiff
                                            and all others similarly situated