UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH PATTERSON,<br><br>   Plaintiff,<br><br>v.<br><br>RW DIRECT, INC, et al.,<br><br>   Defendants. | Case No. 18-cv-00055-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 39 |

 1. The motion to dismiss for lack of standing is denied. Although courts have divided on this issue, whether a named plaintiff can represent class members whose claims arise under the laws of different states does not appear to be a question of standing. Patterson does not himself seek to raise a claim under the laws of a different state; rather, he seeks to represent a class member who can raise such a claim. *See, e.g.*, *In re Hydroxycut Mktg. and Sales Practices Litig.*, 801 F. Supp. 2d 993, 1005 (S.D. Cal. 2011) (noting that "[t]he constitutional issue of standing should not be conflated with Rule 23 class action requirements"); *In re Bayer Corp. Combination Aspirin Prods. Mktg. and Sales Practices Litig.*, 701 F. Supp. 2d 356, 377 (E.D.N.Y. 2010) ("Whether the named plaintiffs have standing to bring suit under each of the state laws alleged is immaterial because they are not bringing those claims on their own behalf, but are only seeking to represent other, similarly situated consumers in those states.") (internal quotation marks and citation omitted). And because the putative class members all suffered the same injury – purchasing a defective lawnmower – Patterson has established that he has the "necessary stake" in litigating the class's claims for purposes of standing. *See Camreta v. Greene*, 563 U.S. 692, 701 (2011). Accordingly, this issue will be addressed in connection with

class certification. That said, it is questionable whether Patterson will be able to pursue a nationwide class action, and given the California-centric nature of this case it may be appropriate to address adequacy and commonality before allowing Patterson to embark on nationwide class discovery.

2. The defendants' motion to dismiss for lack of personal jurisdiction is denied. Absent controlling authority to the contrary, the Court declines to extend *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017), to the class action context.

3. The motion to dismiss Patterson's express warranty claims is denied. The complaint is best understood as plausibly alleging that the lawnmower itself is defective in a way that causes the battery to die. This claim is subject to a two-year warranty period.[1] The defendants primarily argue that Patterson's claims are time-barred because he did not notify them of the defect within the warranty term. But the warranty does not require a customer to "notify" the company of a defect within the warranty period; it promises to repair or replace parts that "become defective" during the warranty period. The complaint adequately alleges that the lawnmower became defective during the warranty term, and Patterson notified the company of the defect shortly thereafter.

To argue to the contrary, the defendants point to decisions dismissing express warranty claims where the relevant repairs were made after the warranty had ended. *See Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008); *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 830 (2006). But those repairs were made outside the warranty period because the defect was discovered outside the warranty period. *See Clemens*, 534 F.3d at 1023 ("[W]e can hardly say that the warranty is implicated when the item fails after the warranty period expires."); *Daugherty*, 144 Cal. App. 4th at 832 (explaining that the warranty did not cover "latent defects that lead to a malfunction after the term of the warranty"). Here, by

---

[1] Because Patterson did not register his lawnmower, he cannot take advantage of the three-year warranty period. Although Patterson is correct that the Court must accept his factual allegations as true for purposes of a motion to dismiss, he has not in fact alleged that he registered his lawnmower.

contrast, Patterson has alleged that the lawnmower malfunctioned the first time he used it, and then continued not to work later in the warranty period.

The defendants express concern that if a customer is permitted to bring a claim for breach of express warranty even if he has not notified the company within the warranty period, this could expose companies to unending liability. However, this is the defendants' own warranty language, and it specifies only that the product is covered if it becomes defective within the applicable period. In any event, the concerns the defendants have regarding unending liability are addressed by the statute of limitations. *See* Cal. Com. Code § 2725. This is an affirmative defense that the defendants may assert in their answer.

The defendants raise two additional challenges to the express warranty claims, but neither is an appropriate basis for dismissal for failure to state a claim. First, the defendants contend that Patterson failed to notify them of the defect "within a reasonable time" after its discovery. *See* Cal. Com. Code § 2607(3)(A). But whether Patterson's alleged delay was "reasonable" cannot properly be decided on the pleadings. Second, the defendants argue that, now that Patterson is alleging that the defect is in the lawnmower rather than the battery, he is really raising a design defect claim, while the warranty only covers manufacturing defects. The defendants may ultimately prevail on that point, but Patterson has plausibly alleged the existence of a manufacturing defect for purposes of Rule 12(b)(6). *See Johnson v. Nissan N. Am., Inc.*, 272 F. Supp. 3d 1168, 1177 (N.D. Cal. 2017).

4. Patterson's claim under the Magnuson-Moss Warranty Act is dismissed with prejudice. A Magnuson-Moss claim is only cognizable on a class-wide basis where "the number of named plaintiffs is less than one hundred." 15 U.S.C. § 2310(d)(3)(C). Because Patterson is the only named plaintiff, that requirement is not satisfied here.[2]

---

[2] The Court disagrees with decisions holding that this requirement can be supplanted by the prerequisites for exercising diversity jurisdiction under CAFA. *Compare Keegan v. Am. Honda Motor Co.*, 838 F. Supp. 2d 929, 954-56 (C.D. Cal. 2012), *with MacDougall v. Am. Honda Motor Co.*, No. SACV 17-01709 AG (DFMx), 2017 WL 8236359, at * 4 (C.D. Cal. Dec. 4, 2017).

5. The motion to dismiss Patterson's implied warranty claims is denied for the claim brought under the Song-Beverly Consumer Warranty Act. The defendants argue that Patterson's claim is time-barred because an implied warranty cannot extend beyond one year of the sale. *See* Cal. Civ. Code § 1791.1(c). But Patterson has alleged that the lawnmower failed immediately. The defendants' argument that Patterson "failed to assert an implied-warranty claim during the applicable implied-warranty period" again conflates the warranty term with the statute of limitations. *See Mexia v. Rinker Boat Co.*, 174 Cal. App. 4th 1297, 1306 n.6 (2009) (explaining that "the duration provision is not a statute of limitations and that the statute of limitations is four years").

However, the motion to dismiss the implied warranty claims brought under section 2314 of the California Commercial Code is granted because Patterson purchased the lawnmower from Amazon, and was thus not in vertical privity with the defendants. *See Clemens*, 534 F.3d at 1023. Although Patterson is correct that the California Supreme Court recognized an exception to this requirement when a plaintiff relies on a manufacturer's written representations, it limited that exception to express warranty claims. *See Burr v. Sherwin Williams Co.*, 42 Cal. 2d 682, 696 (1954); *see also Wolph v. Acer Am. Corp.*, No. C 09-01314 JSW, 2009 WL 2969467, at *3 (N.D. Cal. Sept. 14, 2009). This claim is dismissed with prejudice.

6. The motion to dismiss Patterson's CLRA and UCL claims is granted with leave to amend. To state a claim under the CLRA, Patterson must allege that the defendants received a sufficient volume of complaints to put the defendants on notice of a defect. *See Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1026-27 (9th Cir. 2017); *see also Deras v. Volkswagen Grp. of Am., Inc.*, No. 17-cv-05452-JST, 2018 WL 2267448, at *4 (N.D. Cal. May 17, 2018). Patterson's Second Amended Complaint does not allege that the defendants received an unusual number of complaints, nor does it provide enough context to assess whether that might be the case. Although some of the information that could provide this context is presumably in the defendants' exclusive possession, Patterson could have provided, for example, the number of consumer comments on various sites at the time of his purchase, along with the distribution of

topics and ratings. Patterson has one final opportunity to state a claim under the CLRA. Any amended complaint must be filed within 21 days of this order.

With respect to the defendants' separate argument that Patterson's CLRA claim fails for lack of notice, the Court does not interpret the CLRA to prevent a plaintiff from curing a notice defect, as Patterson has done here. *See Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1017 (N.D. Cal. 2014).

**IT IS SO ORDERED.**

Dated: November 21, 2018

VINCE CHHABRIA
United States District Judge